

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MARKUS LAMONTE WILLOUGHBY,  ◊
◊
    Petitioner,  ◊
◊
VS.  ◊          No. 04-1090-T/An
◊
RICKY BELL,  ◊
◊
    Respondent.  ◊

---

### ORDER VACATING FEBRUARY 7, 2005 ORDER
### ORDER GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE
### PENDING EXHAUSTION OF STATE REMEDIES
### AND
### ORDER DENYING MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
### WITHOUT PREJUDICE TO REFILING

---

Petitioner Markus Lamonte Willoughby, Tennessee Department of Correction ("TDOC") prisoner number 275480,[1] who is currently an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, submitted a petition pursuant to 28 U.S.C. § 2254 to the United States District Court for the Middle District of Tennessee on or about March 8, 2004, along with an application seeking leave to proceed *in forma pauperis*. On March 8, 2004, the Honorable Robert L. Echols issued an order granting leave to proceed *in forma*

---

[1] Although petitioner signs his name "Markus," the opinion of the Tennessee Court of Criminal Appeals on direct appeal referred to him as "Marcus," State v. Adams, No. 02C01-9709-CC-00352, 1998 WL 556174 (Tenn. Crim. App. Sept. 1, 1998), as do the TDOC records. In its opinion reviewing the dismissal of the postconviction petition, the Tennessee Court of Criminal Appeals corrected Willoughby's name to correspond to the spelling in his papers. Willoughby v. State, No. W2002-00096-CCA-R3-PC, 2002 WL 31466991, at n.1 (Tenn. Crim. App. Nov. 1, 2002).

*pauperis* and transferring the petition to this district, where it was docketed on April 29, 2004. The Court issued an order on June 10, 2004, which was entered on June 16, 2004, directing the respondent to file the state court record and respond to the petition.

On August 5, 2004, respondent filed a motion to dismiss or, in the alternative, for summary judgment. On August 26, 2004, Willoughby filed a motion, entitled "Motion to have the petition for writ of habeas corpus put in abeyance," seeking to stay any proceeding on the petition while he exhausted two of his claims in state court. The Court issued an order on February 7, 2005 denying the motion to hold the petition in abeyance and directing the petitioner to file his response to the respondent's motion to dismiss within thirty days. Petitioner did not respond to the motion to dismiss.

The Court issued an order on March 22, 2005 that, *inter alia*, noted that respondent had waived a statute of limitations defense to this petition, which is plainly time barred. (3/22/05 Order, at 5 n.3.) The order also noted that, although the respondent is correct that claims 1 and 2 were not exhausted in state court, respondent has failed to argue that the claims are procedurally defaulted or to present any argument that they should be rejected on the merits. Accordingly, as "[r]espondent's motion to dismiss has given this Court no useful guidance on the resolution of claims 1 and 2," the Court ordered the respondent to submit a supplemental brief on that issue within thirty days. The order also afforded the petitioner thirty days from the due date of respondent's brief to file any reply. Id. at 8. Respondent filed a supplemental brief on April 21, 2005, and petitioner filed a supplemental brief on

May 23, 2005.

In his May 23, 2005 supplemental brief, petitioner indicates that the issues presented in claims 1 and 2 were raised in his postconviction petition. See Addendum 9, at 1-17. Consideration of that argument requires a discussion of the legal standards for determining a habeas petitioner's compliance with 28 U.S.C. § 2254(b), which provides, in pertinent part:

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State;  or

    (B)    (i)    there is an absence of available State corrective process; or

        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing § 2254 Cases.  A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure.  28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'"  Id. at 163 (quoting Picard, 404 U.S. at 278).  A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief."  Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."  Id. When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987).  He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim.  Pillette, 824 F.2d at 497-98.  The claims must be presented to the state courts as a matter of federal law.  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459

4

U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam); see also Baldwin v. Reese, 541 U.S. 27, 30-32 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for

the default and that he was prejudiced in order to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright v. Sykes, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

In this case, petitioner is correct that he raised claims 1 and 2 in his postconviction petition. However, as the Court noted in the March 22, 2005 order, Willoughby did not preserve these issues in his appellate brief in the postconviction proceeding, see Addendum 6; therefore, respondent is correct that these claims were not exhausted. (3/22/05 Order at 6.) Accordingly, to the extent Willoughby's May 23, 2005 filing is a request for reconsideration of the earlier ruling that he failed to exhaust these claims, the motion is denied.

The next issue to be considered is the legal effect of Willoughby's failure to exhaust claims 1 and 2. In his April 21, 2005 filing, respondent argues that claims 1 and 2 are barred by procedural default. However, respondent has not briefed the issue whether procedural default, an affirmative defense, is barred by his failure to raise it in his original motion. Moreover, in addressing the matter of procedural default, the only avenue of attack addressed by respondent is the petition for postconviction relief. The respondent's brief overlooks the motion filed by the petitioner on August 26, 2004 in which he sought to have the petition held in abeyance pending his further attempts to exhaust his claims in state court. The Court had previously denied this motion, in an order issued on February 7, 2005, despite the failure of the respondent to oppose the motion.

On *sua sponte* reconsideration, it seems inappropriate to dismiss claims 1 and 2 on the basis of procedural default without affording petitioner the opportunity he seeks to return to state court to exhaust these claims, particular where, as here, the respondent has raised to objection to petitioner's request that he be allowed to do so. Accordingly, the Court VACATES the February 7, 2005 order denying the motion to hold the petition in abeyance and, on reconsideration, GRANTS that motion. Rhines v. Weber, 125 S. Ct. 1528 (2005).

Accordingly, the petitioner is ORDERED to file, within ninety (90) days after the date this order is entered, any further collateral challenge to his conviction and sentence in state court and to file with this Court a statement of compliance attesting to the fact that he has initiated a collateral challenge to his conviction. The petitioner is further ORDERED

7

to notify this Court within thirty (30) days of the issuance of any order by the state court granting or denying collateral relief, and to file a copy of that order with the clerk. Failure to notify the Court that a collateral challenge has been commenced will result in an adjudication of this petition on the merits.

The respondent's pending motion to dismiss and for summary judgment (doc. #11) is DENIED without prejudice to refiling following any further state court proceedings.

IT IS SO ORDERED this _30th_ day of September, 2005.


ENTERED this the 30th day of September, 2005, at the direction of
JAMES D. TODD, UNITED STATES DISTRICT JUDGE, WESTERN DISTRICT OF TENNESSEE.


_Sonya Pettigrew_
SONYA PETTIGREW
DEPUTY IN CHARGE
WESTERN DISTRICT OF TENNESSEE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 1:04-CV-01090 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

Richard H. Dunavant
ATTORNEY GENERAL'S OFFICE
P.O. Box 20207
Nashville, TN 37202--020

Markus Lamonte Willoughby
WTSP-Henning
275480
P.O. Box 1150
Henning, TN 38041

Honorable James Todd
US DISTRICT COURT